UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORDANIA RAFAELA BOLDUC, BY NEXT FRIEND TARA E. BOLDUC, A# 241 251 559, § § § | | |
| Petitioner, § | | |
| v. § | SA-25-CV-01353-JKP | |
| GEO GROUP INC., Administrative Staff; TRACI TATE, Administrator/Staff Training and Security at The GEO Group, Inc., San Antonio, Texas Metropolitan Area; J. DAVID DONAHUE, Chief Executive Officer; GEORGE ZOLEY, Executive Chairman of the Board; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and WARDEN, Karnes County Immigration Processing Center, § § § § § § § § § § § § § | | |
| Respondents. § | | |

**ORDER**

Before the Court is a motion to appoint counsel filed on behalf of Jordania Rafaela Bolduc, an immigration detainee, by her husband, Joshua T. Bolduc, in this 28 U.S.C. § 2241 matter. (ECF No. 5). Upon review, the motion is **DENIED WITHOUT PREJUDICE TO REFILING UPON PROOF OF INDIGENCE**. (*Id.*).

The Petition in this § 2241 matter was filed and signed on behalf of Petitioner Jordania Rafaela Bolduc by mother–in–law, Tara E. Bolduc, as "next friend." (ECF No. 1). Upon review, the Court found that it appeared Tara E. Bolduc was attempting to represent Petitioner Jordania Rafaela Bolduc in this matter. (ECF No. 4). However, Tara E. Bolduc did not purport to be an attorney, neither stating she is an attorney nor providing a bar number, and she does not appear as an attorney on the State Bar of Texas website. (*Id.*); *see* State Bar of Texas | Find A Lawyer (last

visited Oct. 24, 2025). Because § 1654 of Title 28 of the United States Code provides a party in federal court may either represent themselves or be represented by counsel, the Court found that Jordania Rafaela Bolduc may represent herself in this matter, but she may not be represented by her non–attorney mother–in–law; rather, she must represent herself or obtain counsel. *See* 28 U.S.C. § 1654; *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023). Accordingly, the Court ordered the Clerk of Court to return the Petition to Jordania Rafaela Bolduc and ordered her to sign the Petition and return it to this Court by November 24, 2025. (*Id.*). A petition signed by Jordania Rafaela Bolduc has not yet been returned to this Court.

Now, Petitioner Jordania Rafaela Bolduc's husband, Joshua T. Bolduc, has filed on her behalf a motion to appoint counsel. (ECF No. 5). However, Mr. Bolduc admits he is not an attorney and states he does not seek to represent Petitioner Jordania Rafaela Bolduc. (*Id.*). For the same reasons Petitioner Jordania Rafaela Bolduc may not be represented by her mother–in–law, Mr. Bolduc may not represent or file motions or other pleadings on behalf of Petitioner Jordania Rafaela Bolduc. *See* 28 U.S.C. § 1654; *Raskin*, 69 F.4th at 283. For this reason, the motion to appoint counsel is denied.

The motion is subject to denial for a second reason. The motion asserts entitlement to counsel based on 18 U.S.C. § 3006A. (ECF No. 5). However, appointment of counsel is based on a person's financial inability to obtain counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner has not established her financial inability to obtain counsel.[1] (ECF No. 5). Even when appointed counsel is sought in the "interest of justice," as here, the person seeking appointed counsel must be

---

[1] In the motion, it states, "financial ability is not the barrier" to Petitioner Jordania Rafaela Bolduc obtaining counsel; rather, the problem is that no attorney will agree to accept the case "due to case complexity, not payment." (ECF No. 5). The motion includes a claim that a Massachusetts attorney was paid $15,000.00 "to handle all aspects of Jordania's immigration and detention matters," but he failed to file documents, communicate meaningfully, or act on the case." (*Id.*).

"financially eligible," i.e., indigent. *See* 18 U.S.C. § 3006A(a)(2)(B). Because Petitioner Jordania Rafaela Bolduc has not established "financial ineligibility," she is not entitled to appointed counsel at this time. *See id.*

Based on the foregoing, the Court denies the motion to appoint counsel. (ECF No. 5). However, the denial will be without prejudice. Petitioner Jordania Rafaela Bolduc may reassert her request for appointment of counsel upon a showing of indigence and the existence of exceptional circumstances. *See* 18 U.S.C. § 3006A(a)(2)(B); *McLean v. Bondi*, __ F.4th __, 2025 WL 3239805, at *1 n.2 (5th Cir. Nov. 20, 2025) (holding petitioner appealing from final removal order not entitled to appointed counsel because he did not establish exceptional circumstances); *see generally Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (holding that appointment of counsel for indigent party requires showing of "exceptional circumstances").

Concerning Petitioner Jordania Rafaela Bolduc's inability to read, write, or speak English, as alleged in the motion to appoint counsel, the Court advises that she may prepare, sign, and file an amended petition and other pleadings in Portuguese, which will be interpreted by a Court interpreter.[2] Petitioner Jordania Rafaela Bolduc is advised that her signed Petition pursuant to the Court's prior October 24, 2025 Order is due on or before November 24, 2025. (ECF No. 4). In lieu of signing and returning the original Petition, Petitioner Jordania Rafaela Bolduc may prepare, sign, and file an amended petition in Portuguese. However, any amended petition must be filed on or before thirty (30) days from the date of this Order.

---

[2] In the Petition it states Petitioner Jordania Rafaela Bolduc is a citizen of Brazil. (ECF No. 1). The official language of Brazil is Portuguese.

**IT IS THEREFORE ORDERED** that Petitioner Jordania Rafaela Bolduc's motion to appoint counsel (ECF No. 5) is **DENIED WITHOUT PREJUDICE TO REFILING UPON PROOF OF INDIGENCE**. If refiled, such motion must be signed and filed by Petitioner Jordania Rafaela Bolduc or an attorney representing her.

**IT IS FURTHER ORDERED** that Petitioner Jordania Rafaela Bolduc must either sign the Petition previously returned to her by this Court and return it to the Clerk of Court **on or before November 24, 2025**, as directed in the Court's October 24, 2025 Order or, alternatively, prepare, sign, and file an amended petition in Portuguese and return it to the Clerk of Court **on or before thirty (30) days from the date of this Order**.

If Jordania Rafaela Bolduc fails to comply with this Order, her Petition may be dismissed without further notice for failure to prosecute and failure to comply with the Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

SIGNED this 21st day of November, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE